IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL H. THETFORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:14-cv-01301-AKK-JEO |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

On July 7, 2014, Michael H. Thetford, *pro se*, initiated this action by filing a document styled as a "Motion for Leave to File a Nunc Pro Tunc Petition for Habeas Corpus." (Doc. 1). On July 25, 2014, the Magistrate Judge entered a Report and Recommendation ("R&R") that interpreted Thetford's filing as an application for additional time in which to file a motion to vacate, set aside, or correct his federal sentence under 28 U.S.C. § 2255. (Doc. 4). Thetford has now filed an objection to the R&R. (Doc. 6).

Thetford is currently in the custody of state, county, or municipal authorities in South Dakota. Before that, he was convicted and sentenced in this court in two cases that were before United States District Judge Karon O. Bowdre. In his objection to the R&R, Thetford repeatedly claims an ongoing violation of his

constitutional right of access to the courts because of allegedly inadequate law library facilities and legal assistance in the various jails and detention centers in which he was housed after his arrest on November 19, 2011, for the charges that led to his convictions in this court.  He now acknowledges that the "ultimate relief" he seeks is "vacation of convictions and release from confinement."  (Doc. 6 at 4).  However, as the Magistrate Judge found in the R&R, this action is due to be dismissed without prejudice regardless of whether Thetford is pursuing a claim under 28 U.S.C. §§ 2241 or 2255.

     If Thetford is petitioning for a writ of habeas corpus seeking release from his present confinement in the custody of South Dakota state authorities, this court lacks jurisdiction to hear such claims.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 443-44 (2004).  To the extent that Thetford might be raising claims attacking the validity of his federal convictions in this court, he generally might only do so by filing a motion to vacate, set aside or correct under 28 U.S.C. § 2255, not under § 2241.  *See Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1333 (11th Cir. 2013).  However, a § 2255 motion is premature because Thetford's federal convictions are still pending on direct appeal in the Eleventh Circuit.  *See United States v. Casaran-Rivas*, 311 F. App'x 269, 273 (11th Cir. 2009).  Likewise, as the magistrate judge explained, this court also lacks jurisdiction to entertain a motion

that simply seeks an extension of time in which to file a subsequent § 2255 motion. *See Swichkow v. United States*, ___ F. App'x ___, ___, 2014 WL 1876920, at *2-3 (11th Cir. May 12, 2014); *United States v. Hernandez*, 431 F. App'x 813, 814 (11th Cir. 2011).

Finally, to the extent that Thetford is claiming an infringement on his constitutional right of access to the courts and is seeking a court order requiring South Dakota officials to provide greater access to legal resources or legal assistance to facilitate his preparation of a § 2255 motion, such claims are also due to be dismissed without prejudice because they may not be pursued under a petition for a writ of habeas. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Rather, Thetford would have to file any claims pursuant to 42 U.S.C. § 1983, which affords a civil remedy against persons who violate constitutional rights while acting under color of state law. *See Williams v. Eaves*, 2012 WL 6626130, at *1 (S.D. Ga. Dec. 19, 2012); *Jupiter v. Warden, USP Lewisburg*, 237 F. App'x 726, 728 (3d Cir. 2007); *Jacobsen v. California*, 2014 WL 67330, at *5 (E.D. Cal. Jan. 8, 2014). To that end, Thetford has not identified, never mind named as a defendant, any individual or entity that is purportedly responsible for denying his constitutional right of access to the courts. In any event, Thetford would have to litigate any such claims in South Dakota where the defendants are located. *See*

*Stallings v. Hoffman*, 2014 WL 2040101, at *1-2 (N.D. Ga. May 12, 2014); *Taylor v. Gandy*, 2011 WL 2784597, at *1 (S.D. Ala. June 23, 2011).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's report and recommendation and Thetford's objections thereto, the court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED.  Thetford's objections are OVERRULED.  Accordingly, this action is due to be DISMISSED WITHOUT PREJUDICE.

A separate final judgment will be entered.

**DONE**, this 28th day of August, 2014.

                                                  *[signature]*
                         **ABDUL K. KALLON**
                         UNITED STATES DISTRICT JUDGE